IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Mark Campbell, | ) | Civil Action No. 6:04-2036-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Gala Industries, Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on the plaintiff's motion to compel discovery pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure. The present motion was filed on April 3, 2006, and the defendant filed a response in opposition to the motion on April 21, 2006. The motion has been fully briefed and is ripe for consideration. For the reasons set forth below, the plaintiff's motion is denied.

### Discussion

On February 8, 2006, the plaintiff served his Fourth Set of Interrogatories and Fifth Set of Requests for Production, to which the defendant responded on March 10, 2006. Those discovery requests sought information related to two general topics: (1) injuries to individuals as a result of the defendant's dryer, and (2) information related to evaluations or assessments by outside companies related to the Gala dryer. Defendant set forth objections to these discovery requests.

In the Fourth Set of Interrogatories, the plaintiff's Interrogatory No. 1 asks for the identity of any individual "who was injured by the rotor of any Gala dryer." In the plaintiff's initial Interrogatories to the defendant, which were answered by the defendant on March 7, 2005, Interrogatory No. 12 asks "has the defendant ever received any complaint of injury wherein the claimant alleged to have been cut (in any manner) by the internal fan/blade for any machine manufactured by defendant?" Defendant

objected to this Interrogatory on a number of grounds and, ultimately, the plaintiff and the defendant resolved their dispute, and entered into a Consent Order, which this court signed on June 15, 2005. In the Consent Order, the plaintiff and the defendant agreed that an appropriate response to Interrogatory No. 12 was for the defendant to "produce information regarding other claims and lawsuits involving amputation/laceration-type injuries caused by rotor or blade on any machine manufactured by defendant, which injury occurred before May 31, 2001."

Plaintiff's Interrogatory No. 1 in the Fourth Set of Interrogatories, which is the subject of this motion, seeks to obtain the same information as was sought in the previous Interrogatory. This court concurs with the defendant's position regarding the present motion that this information was excluded from production by the agreement reached by the parties in the Consent Order entered on June 15, 2005, and, therefore, is not discoverable.

Furthermore, the court notes once again that the plaintiff's Fourth Set of Interrogatories and Fifth Set of Requests for Production were served on the defendant on February 8, 2006. However, this court entered its Fourth Consent Amended Scheduling Order in this case on October 27, 2005, and pursuant to that Order discovery was to be completed no later than November 15, 2005. The parties should be made aware that a Scheduling Order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D. N.C. 1987) (quoting Gestetner Corp. v. Case Equipment Co., 108 F.R.D. 138, 141 (D. Me. 1985)). "The use of discovery closure dates and deadlines for disclosure of experts are important tools for case management." Serrano-Perey v. F.M.C. Corp., 985 F.2d 625, 628 (1st Cir. 1993). The purpose of a Scheduling Order is not only for orderly and timely work to be done by the attorneys and to provide a framework for deadline requirements that the parties may rely on, but it also serves the purpose of

efficient case management for the court such that the court will not be faced with discovery issues in an untimely fashion. As such, this court finds that the present motion to compel, which was filed almost five (5) months after the close of discovery and now a month before trial,[1] is most untimely and should be denied for this reason as well.

Additionally, the court notes that Interrogatory No. 2 of the Fourth Set of Interrogatories and Request for Production No. 2 of the Fifth Set of Requests for Production , which are the subject of this motion to compel as well, seek the identification and production of documentation related to any "evaluation or assessment of the designed and/or safety of any Gala dryer by any outside consultant, contractor or insurance company," and, more specifically, a September 10, 1993, letter from Hartford Insurance Company to Gala regarding its evaluation and/or inspection of the defendant's equipment.

Defendant objected to these discovery requests on several grounds, including relevance and admissibility. The defendant argues that any such information would have been generated to prevent lawsuits and as such, was prepared in anticipation of litigation. Furthermore, the defendant argues that any probative value of identifying or producing this information is outweighed by the prejudicial value. The defendant notes that in order to encourage frank discussions, and to avoid a chilling effect regarding communications between insurance carriers or consultants and Gala about risk assessment requires that this information be protected from being discovered as a result of broad discovery requests in a tort suit.

Without reaching the relevance and admissibility arguments made by the defendant, the court finds that the request for this information is untimely as well. As noted above, the discovery requests at issue are well outside of this court's discovery deadline. The plaintiff appears to acknowledge such in his motion, but argues that it was the defendant's delay in previous discovery production that caused

---

[1] Jury Selection in this case has been set for June 7, 2006.

3

this untimely request. The court does not find the plaintiff's argument in this regard persuasive as the plaintiff could have potentially remedied the defendant's alleged delay by requesting that the court extend the discovery period. Instead, the plaintiff chose to operate outside of this court's Scheduling Order, and as such, the court finds the present discovery requests and motion to compel untimely. Although, in its response in opposition, the defendant states that it withdraws its objection that the discovery was served after the expiration of the discovery deadline, the court finds that the parties cannot consent to violate an Order of this court.

### Conclusion

For the foregoing reasons, the plaintiff's motion to compel [Entry # 43] is **DENIED**.

**IT IS SO ORDERED.**

                                               s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

May 5, 2006
Florence, South Carolina